

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ERICK HEWINS, also known as<br>Erick Eton Hewins,<br><br>        Plaintiff,<br><br>vs.<br><br>SCOTT GARDNER; RACHEL<br>HALL; SGT. BEN COTHRAN; CHASE<br>HUNTER HARBIN; and JOYCE<br>MONTS,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 6:18-01762-MGL-KFM |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL,
ADOPTING REPORT AND RECOMMENDATION,
DISMISSING WITH PREJUDICE PLAINTIFF'S CLAIMS AGAINST
DEFENDANTS CHASE HUNTER HARBIN AND JOYCE MONTS,
AND STAYING THE CASE AS TO DEFENDANTS
SCOTT GARDNER, RACHEL HALL, AND SGT. BEN COTHRAN**

Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 (section 1983). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's claims against Defendants Joyce Monts (Monts) and Chase Hunter Harbin (Harbin) be dismissed, and Plaintiff's case be stayed as to Defendants Scott Gardner (Gardner), Rachel Hall (Hall), and Sgt. Ben Cothran (Cothran). The

Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on July 27, 2018. ECF No. 22. The Clerk of Court entered Plaintiff's objections to the Report on August 10, 2018. ECF No. 30. On August 15, 2018, the Clerk of Court filed an additional attachment to Plaintiff's objections. ECF No. 35. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

As a preliminary matter, Plaintiff notes in his objections: "Plaintiff . . . still needs assistance from an attorney. Plaintiff once again petitions the court for appointment of counsel." ECF No. 30 at 2. The Court construes Plaintiff's request as a motion to appoint counsel. There is no constitutional right to appointed counsel in a civil case, *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984) (holding 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989), but this Court

may exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(d); *see Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). However, the United States Court of Appeals for the Fourth Circuit has stated counsel should be appointed only in exceptional circumstances, which will turn on the quality of two basic factors: (1) the type and complexity of the case, and (2) the abilities of the individuals bringing it. *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir. 1993) (internal quotation marks omitted) (quoting *Whisenant*, 739 F.2d at 163). The pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings. On that basis, the Court will deny Plaintiff's motion to appoint counsel.

Plaintiff first objects the Magistrate Judge erred in recommending Plaintiff's section 1983 claim against Harbin be dismissed for failure to state a claim. Contained within Plaintiff's objection to the recommended dismissal of Harbin, Hewins's trial attorney, appear to be allegations against Judge Welmaker. The Court notes Judge Welmaker is not a party to this lawsuit, and thus declines to address any objections relating to him. The Magistrate Judge suggested Harbin was not acting under color of state law, and thus is not subject to section 1983 liability. The Court agrees with the Magistrate Judge's well-reasoned analysis.

To state a claim under section 1983, a plaintiff must show: 1) his federal rights were violated, and 2) that violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, however, does not act under color of state law when performing traditional functions as counsel. *See, e.g., Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under color of state law' merely by making use of the state's court system."). Accordingly, the Court will overrule Plaintiff's first objection.

Plaintiff next objects the Magistrate Judge erred in suggesting prosecutorial immunity bars Plaintiff's claims for monetary damages against Monts, the Assistant Solicitor. In support of his objection, Plaintiff cites S.C. Code Ann. § 15-78-70(B), which abrogates a government employee's immunity where "it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." However, "[a] prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The Fourth Circuit has held a prosecutor's "functioning as an advocate for the State . . . [is] protected by absolute immunity." *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018); *see Kalina v. Fletcher*, 522 U.S. 118, 130 (1997) (finding, *inter alia*, prosecutor's "presentation of the information . . . to the court" was advocacy and thus protected). Because Monts' conduct occurred in the context of trial and in her capacity as Assistant Solicitor, she is protected by prosecutorial immunity. For this reason, the Court will overrule Plaintiff's objection regarding the dismissal of his claim against Monts.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's motion to appoint counsel is **DENIED**. Plaintiff's claims against Defendants Harbin and Monts are **DISMISSED WITH PREJUDICE**, and this case is **STAYED** as to Defendants Gardner, Hall, and Cothran.

**IT IS SO ORDERED**.

Signed this 10th day of September, 2018, in Columbia, South Carolina.

/s/ Mary Geiger Lewis_____
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the

date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.